# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ROMERO THOMAS, a/k/a
ROMERO THOMAS-EL, # 684159,

    Plaintiff,

v.

DOUGLAS SMITH, et. Al.,

    Defendants,
    _____/

Case Number 1:19-11554
Honorable Thomas L. Ludington
United States District Judge

## OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, DENYING MOTION TO AMEND, AND DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS

On May 28, 2019, Romero Thomas, a/k/a Romero Thomas-El, ("Plaintiff"), presently incarcerated at the Marquette Branch Prison in Marquette, Michigan, filed a three hundred and nineteen-page civil rights complaint pursuant to 42 U.S.C.§ 1983. ECF No. 1. For the reasons stated below, the Court will dismiss Plaintiff's complaint without prejudice.

**I.**

Plaintiff names eleven defendants in the Defendant's Information Section of body of his complaint. See ECF 1, PageID.3-6. All of these defendants work at the Cotton Correctional Facility in Jackson, Michigan with the exception of two defendants who work for the Michigan Department of Corrections in Lansing, Michigan. However, the complaint alleges numerous constitutional violations that occurred while he was incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan. See ECF 1-1, PageID.103-74, 178-200, ECF 1-2 PageID.201-34. Plaintiff also alleges some constitutional violations took place at the Chippewa Correctional Facility in Kincheloe, Michigan. ECF 1-1, PageID.161-63. Although unclear, Plaintiff may also be challenging his initial security classification at the Egeler Reception Center

in Jackson, Michigan. ECF 1-2, PageID.204-05. With respect to the allegations out of the Baraga Facility, Plaintiff names a number of persons by name who were responsible for these alleged constitutional violations even though he did not list them in the section of the complaint for information concerning Defendants.

Plaintiff's numerous allegations can be summarized as the following: (1) prison officials at the Cotton Correctional Facility either planted or attempted to plant knives or shanks, i.e. homemade weapons, in Plaintiff's mattress, in order to falsely accuse him of a crime or misconduct, (2) Defendants at the various prisons have improperly re-classified Plaintiff's security classification, either based on false or inaccurate information or in retaliation for grievances filed by Plaintiff; (3) Plaintiff was wrongly transferred from the Cotton Facility to the Baraga Facility and/or to the Chippewa Facility, in retaliation for filing grievances, (4) Plaintiff has been denied access to the law library at the various prison facilities, (5) Defendants at the various correctional facilities have mishandled or wrongly denied his various grievances, (6) Plaintiff was wrongly placed in administrative segregation at the various facilities, (7) the conditions of confinement at the Baraga Maximum Correctional Facility are unsanitary or inadequate, (8) inmates at the Baraga Correctional Facility are being denied adequate exercise facilities, access to electronic devices, a communal microwave and do not have the ability to heat or cool water for beverages in their own cell, and (9) problems with prisoner visitations at the Baraga Facility.

## II.

Plaintiff has failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that

the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp*., 49 F. Supp. 2d 553, 563 (E.D. Mich.1999) (*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215). Similarly, Rule 8(e)(1) requires that "Each averment of a pleading shall be simple, concise, and direct." Plaintiff's lengthy and voluminous complaint is subject to dismissal for failing to comply with the dictates of Fed. R. Civ. P. 8 (a). *See Echols v. Voisine*, 506 F. Supp. 15, 17-19 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982) (Table); *See also Payne v. Secretary of Treas*., 73 F. App'x. 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

A second reason for dismissal of the action is that Plaintiff appears to be attempting to join together unrelated causes of action and defendants from four different prisons.[1] Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. See 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes"

---

[1] It is unclear whether venue would even be proper in this district for those alleged constitutional violations that occurred at the Baraga and Chippewa Correctional Facilities, which are located in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).

provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).

The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D.Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio Aug. 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000)(denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Cf. Proctor v. Applegate,* 661 F. Supp. 2d 743, 777 (E.D. Mich. 2009)(refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of administrative remedies, and on the substance."). *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill.

1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder).

Additionally, it is unclear whether Plaintiff provided a sufficient number of service copies of the complaint to serve upon the numerous defendants he names throughout his complaint.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing Plaintiff's process to a United States Marshal's Office, who must affect service upon Defendants once Plaintiff has properly identified Defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Plaintiff only listed eleven defendants in the Defendant's Information section of the complaint, but names numerous other defendants throughout his complaint, so it is unclear whether he has provided sufficient service copies for the other listed defendants.

Lastly, on July 3, 2019, Plaintiff filed a motion to amend his complaint, which suffers from the same defects as the original complaint.

Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** without prejudice to Plaintiff filing the proper complaint or complaints in the appropriate district court or courts.

It is further **ORDERED** that the motion to amend, ECF No. 6, is **DENIED**.

It is further **ORDERED** that no filing fee will be assessed, and that leave to proceed in forma pauperis is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 16, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Romero Thomas** #684159, MARQUETTE BRANCH PRISON, 1960 U.S. HWY 41 SOUTH, MARQUETTE, MI 49855 by first class U.S. mail on July 16, 2019.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager